■ PURE POWER BOOT CAMP, INC., Appellant, et al., Plaintiffs, v FROSS ZELNICK LEHRMAN & ZISSU, P.C., Respondent. [960 NYS2d 650]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about September 4, 2012, which, to the extent appealed from, granted defendant's motion to dismiss plaintiff Pure Power Boot Camp, Inc.'s claims, unanimously reversed, on the law, without costs, and the motion denied.

Defendant failed to establish that plaintiff's legal malpractice action is barred by an agreement, purportedly entered into in connection with the settlement of a legal fee dispute, to release the firm from all claims. The parties agreed to settle their legal fee dispute for $5,000, and $5,000 was paid to defendant. At issue is the scope of the settlement and whether the settlement was intended to include a general release of all claims against defendant. While the absence of an executed general release is not necessarily dispositive, defendant failed to establish that the parties agreed to execute the release and intended to be bound by it (see Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]). Defendant also failed to establish that it was not negligent in preparing, filing and amending a trade dress application, since the mere fact that the application was accepted by the U.S. Patent and Trademark Office is not evidence of a lack of negligence. Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.